Athens Roller Mills v. Commissioner.Athens Roller Mills v. CommissionerDocket Nos. 436 P.T., 437 P.T.United States Tax Court1945 Tax Ct. Memo LEXIS 352; 4 T.C.M. (CCH) 62; T.C.M. (RIA) 45033; January 11, 1945George E. H. Goodner, Esq., for the petitioner. R. E. Maiden, Jr., Esq., and H. L. Spencer, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: These consolidated proceedings involve claims for refund of amounts collected from the petitioner under the Agricultural Adjustment Act as tax on the processing of wheat and corn. The petition herein was filed originally with the United States Processing Tax Board of Review. Upon the abolition of the Board of Review the proceedings were transferred to this Court in accordance with the provisions of section 510, Revenue Act of 1942. Findings of Fact Petitioner is a corporation*354 organized in 1932 with place of business at Athens, Tennessee. On December 1, 1932, petitioner engaged in the milling of wheat and corn and it has carried on that business ever since. It manufactured flour and bran from wheat and corn meal from corn. It sold the flour, bran and meal which it manufactured and also sold some wheat and corn unprocessed. It sold the screenings from both as feed. Petitioner has never engaged in the marketing or handling of any other products or commodities. Under the Agricultural Adjustment Act a tax was imposed upon the processing of wheat at the rate of 30 cents per bushel of wheat processed. This tax became effective on July 9, 1933, and continued in effect until January 6, 1936, when the tax provisions of the Agricultural Adjustment Act were held invalid, [36-1 USTC [*] 9039]. Under the same Act a tax was imposed on the processing of corn at the rate of 5 cents per bushel, which tax became effective on November 5, 1933, and continued until January 6, 1936. Petitioner filed with the collector for the district of Tennessee monthly processing tax returns on wheat for the months beginning with the*355 incidence of the tax (July, 1933) and ending December 31, 1935, and paid the taxes disclosed thereon (and interest and penalties) for the months of July, 1933 to May 31, 1935. Said payments were made on the dates and in the amounts as follows: PaymentPenalty andDatesTax PaidInterest Paid11-28-33$ 255.75$ 63.9411-28-33796.35199.0911-28-331,222.20305.5512- 9-33753.302- 8-34949.504.653- 8-3467.633- 1-341,326.004-17-341,046.704- 6-34931.501.555-10-341,089.006-11-341,047.007-10-341,367.558-10-34860.709-13-341,215.0010- 9-341,057.2011- 7-34861.0012- 8-341,391.401- 9-35959.702-11-35926.103-12-351,156.804-10-35905.105- 9-351,044.006-11-35941.109-25-35222.002.92Totals$22,324.95$645.33Total payments$22,970.28Petitioner filed with the collector for the district of Tennessee monthly processing tax returns on corn for the months beginning with the incidence of the tax (November 5, 1933) and ending December 31, 1935, and paid the taxes disclosed thereon (and interest and penalties) for the months of November, 1933, to May 31, 1935. Said payments*356 were made on the dates and in the amounts as follows: PaymentPenalty andDatesTax PaidInterest Paid1-11-34$ 9.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.003- 1-34107.653- 8-34$ 5.494- 3-3483.204- 6-3482.40.146-11-34103.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.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.709-13-34107.1010- 8-34112.7011- 7-3455.8512- 8-3447.301- 9-3524.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.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.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.885- 9-3552.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.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.891.0511-20-35119.827.6311-20-35146.399.36Totals$1,541.47$23.67Total payments$1,565.14Petitioner did not pay the processing taxes imposed upon it in respect of wheat and corn for any month subsequent to May, 1935. The processing taxes which petitioner paid were entered on its books and treated as a part of the cost of wheat and corn. The processing tax was included as a part of the cost of the commodity in petitioner's inventories. Petitioner sold its wheat and corn products upon the basis of the current market prices. On the effective date of the processing tax on wheat petitioner's flour prices and its competitors' flour prices increased in substantially the amount of the processing tax applicable*357 to wheat. Where petitioner sold flour or other products before the effective date of the processing tax with delivery to be made thereafter, its invoice price reflected the processing tax as a separate item, but with these few exceptions its invoices made no reference to the tax. On the effective date of the processing tax on corn petitioner's records contained no invoices showing the price of corn meal. A November 3, 1933, invoice showed a price between 70 and 80 cents per bushel for corn meal. The first invoice after said effective date was about November 10th or 14th, 1933, which quoted corn meal at 65 cents per bushel. The price of corn fluctuates constantly and the price of corn meal is governed to a certain extent by the price of corn. After the processing tax provisions of the Agricultural Adjustment Act were held invalid, the petitioner filed claims for refund on P.T. Form 79 for the processing taxes which it had paid on the processing of wheat and corn. Subsequently, and before the claims were acted upon by the Commissioner, petitioner filed amended claims. Attached to the amended claims were typed statements which read in part as follows: "* * * Taxpayer bore the burden*358 of the so-called tax and did not pass any part of it on to its vendees and has not been reimbursed for any part of it in any manner. The data called for in Schedule D of this claim form is only partially available to taxpayer. If further proof should be required to prove that taxpayer bore the burden of the so-called tax and it should appear that taxpayer is unable to furnish such proof, then taxpayer alleges that the conditions prescribed for refund of the so-called tax in Title VII of the Revenue Act of 1936 are unconstitutional, null, and void." The information called for by Schedule A, covering processing tax payments to the collector, and Schedule D, covering average margin for the tax period and average margin for the period before and after the tax was supplied by petitioner for the period December 1932, when it began business, through July 1936. After the amended refund claims were filed two revenue agents spent two or three weeks examining petitioner's books and records in connection with the Commissioner's consideration of the claims. The agents had access to all the petitioner's books and records and no request by them for information was refused. Thereafter petitioner's*359 and respondent's representatives conferred in Washington with respect to the claims. By letters dated June 25, 1942, the Commissioner denied petitioner's claims in full. Each letter of disallowance stated that petitioner's evidence submitted with the claim failed to establish that it bore the burden of the tax and had not shifted such burden to others. He determined that petitioner's average margin for the tax period exceeded the average margin for the period before and after the tax on both wheat and corn in the respective amounts of $0.043219 and $0.05656 per bushel. During the periods for which petitioner paid processing taxes on wheat and corn (and interest and penalties), as hereinabove set forth, it sustained operating losses on both its wheat and corn operations. Opinion Upon the foregoing facts petitioner asks us to find that it is entitled to refunds upon the theory that it bore the burden of the processing taxes on wheat and corn milled in its business operations. Its argument rests upon three points, viz: (1) that there is no statutory presumption in these proceedings that petitioner shifted the burden of the tax; (2) that the evidence is conclusive that petitioner*360 bore the burden of the tax to the extent of $204.71 on wheat, which is the loss claimed on wheat operations during the months for which the taxes were paid, and $1,565.14 on corn, being the amount of processing taxes, interest and penalties paid thereon, which is less than the amount of loss claimed on its corn operations; and (3) that there is no merit to respondent's objection to the receipt of evidence that petitioner operated at a loss during the pertinent periods in both wheat and corn. Differently stated, petitioner's contention is that proof of losses in its wheat and corn operations is a sufficient showing that it bore the burden of the tax and did not shift such burden to others to entitle it to refunds of processing taxes to the extent of its operating losses in wheat and corn; and where, as in its corn operations, the loss exceeded the processing taxes, interest and penalties paid, it is entitled to a refund of all tax, interest, and penalty payments. The Commissioner rests his case on two main points. He contends first that this Court, in reviewing his disallowance of the refund claims, is not authorized to go beyond proof of the facts set forth and relied upon in the*361 claims for refund. Secondly, he contends that evidence of losses sustained during the tax period is not, per se proof that the burden of the tax was borne and was not shifted in any amount. In our opinion petitioner is not entitled to refunds in any amount in view of the statutory requirements and petitioner's failure to establish that it bore the burden of the tax. Section 903, Revenue Act of 1936, as amended, provides that no refund shall be made or allowed unless a claim has been filed in accordance with rules and regulations prescribed by the Commissioner with the approval of the Secretary, and that "All evidence relied upon in support of such claim shall be clearly set forth under oath." Section 906 of said Act created the Board of Review and gave it "jurisdiction * * * to review the allowance or disallowance of the Commissioner of a claim for refund, and to determine the amount of refund due any claimant with respect to such claim." Section 907 of said Act relates to evidence and presumptions. Subsection (a) thereof provides that - Where the refund claimed is for an amount paid or collected as processing tax * * * it shall be prima-facie evidence that the burden of such*362 amount was borne by the claimant to the extent (not to exceed the amount of the tax) that the average margin * * * was lower during the tax period than the average margin was during the period before and after the tax. If the average margin during the tax period was not lower, it shall be prima-facie evidence that none of the burden of such amount was borne by the claimant but that it was shifted to others. Subsection (b) provides the method for determining average margins. Subsection (c) defines the "period before and after the tax" as meaning 24 months immediately preceding the effective date of the processing tax and the six months February to July, 1936, inclusive. Subsection (c) further provides that - * * * If during any part of such period [period before and after the tax] the claimant was not in business, or if his records for any part of such period are so inadequate as not to provide satisfactory data on prices paid for commodities purchased or prices received for articles sold, the average prices paid or received by representative concerns engaged in a similar business and similarly circumstanced may with the approval of the Commissioner, where necessary for a fair*363 comparison, be substituted in making the necessary computations. * * * Our findings show that the evidence petitioner submitted with its claims was for the purpose of justifying its statutory average margins for wheat and corn, which if sustained would have established a presumption in its favor. The typed statements attached to the claims assert that petitioner bore the burden of the tax, but the only evidence relied upon to support the claim was the aforesaid statutory margin data. The claims disclose no indication that petitioner relied upon operation losses to support the processing tax refunds. The Commissioner's agents investigated the claims and adjusted the margin data so that the presumption ran against petitioner, which thereupon switched to the operating loss theory as the basis for its claims. Petitioner's contention that the field investigation afforded the Commissioner ample opportunity to ascertain that its business operated at a loss during the processing tax period is beside the point. Petitioner had specified in its claims that it relied on the statutory average margin data to establish its right to the refunds and the Commissioner was entitled to accept this specification*364 and limit his investigation to the items requisite for computing average margins as prescribed by section 906(b), ; . There is no indication in this record that the Commissioner ever had the oportunity to consider the claims upon the theory now urged by petitioner. The statutes, the Commissioner's regulations, and various court decisions have reiterated the necessity for a claimant to substantiate by clear and convincing evidence all facts relied upon to establish his claim to the satisfaction of the Commissioner. Sec. 902, Revenue Act of 1936; Articles 201, 202, Regulations 96; , and cases there cited: , and , . The claimant does not satisfy the statutory requirement with regard to refunds by the mere assertion that he bore the burden of tax; he must rely for recovery upon the facts presented to and considered by the*365 Commissioner. The rule that applies here and the reasons underlying the rule have been stated by the Circuit Court of Appeals, Second Circuit, in the Samara case, supra, as follows, p. 597: With respect to income taxes it is settled by authorities too numerous for complete citation that a taxpayer who brings suit after a claim for refund has been denied can rely for recovery only on grounds presented to or considered by the ; . The purpose of this requirement is to give the Commissioner notice of the nature of the claim ( ), and afford an opportunity for administrative adjustment without suit. ; ; affirmed 6 Cir., . The requirement of section 903 of the statute that all evidence relied upon be clearly set forth and the similar provision in Art. 202 of the Regulations, *366 demanding that the taxpayer "substantiate by clear and convincing evidence all of the facts necessary to establish his claim to the satisfaction of the commissioner" are obviously intended to permit administrative adjustment of the claim. This purpose will be defeated if upon resort to the court evidence of additional facts may be presented. The court proceeding is intended only as a review of the Commissioner's decision. Hence new grounds or facts in support of the claim should be submitted to the Commissioner by a timely amendment to the claim for refund. See Paul & Mertens, Law of Fed. Income Taxation § 15.22 [§ 51.22]. New facts which the Commissioner has had no opportunity to pass upon cannot, in our opinion, be adduced at the trial. This is not to say that the taxpayer cannot get a fresh decision on any disputed fact which was submitted - he may call the witness whose statements he set forth in his claim for refund - but he cannot use the facts which he failed to disclose; that is, he must not withhold part of his ammunition until the trial. * * * We deem it unnecessary to determine whether the margin data herein creates a statutory presumption for or against the petitioner. *367 We do note that the Commissioner's use of the average prices paid or received by representative concerns engaged in a similar business or similarly circumstanced is permissive under section 907, but is mandatory under section 501(f)(1) of the Revenue Act of 1936. But the issue here lies deeper than the rebuttable presumptions created by the statute. Petitioner's evidence shows that it sold its wheat and corn products upon the basis of current market prices and that its flour prices and its competitors' flour prices increased on the effective date of the processing tax on wheat in substantially the amount of the processing tax applicable to wheat. Furthermore, it appears that in a few instances the tax was added as a separate item to petitioner's invoices. This indicates that the burden of the tax was shifted to others and that the tax was not borne by the claimant. Evidence of the shifting of the burden of the tax on corn processed is not so clear as no invoices on corn products on the effective date of the tax were found in petitioner's records. The invoices available indicated a decrease in the price of corn meal between November 3, 1933 and November 10th or 14th of 5 to 15 cents*368 per bushel, but this evidence is not conclusive in view of the average margin data on corn for the period available, the constantly fluctuating price of corn which affected the price of corn meal, and the reasonable inference that petitioner shifted the burden of the tax on corn processed just as it shifted the burden of the processing tax on wheat. In any event the petitioner is charged with proving that it bore the burden of the processing tax, and the evidence adduced, other than that relating to operating losses, is not, in our opinion, conclusive. The second main point urged by the Commissioner is that evidence of losses sustained during the tax period is not, per se, proof that the burden of the tax was borne by the petitioner and not shifted in any amount. Petitioner contends that its loss on wheat operations ($204.71) measures the amount of its recovery as to the processing tax refund on wheat and that it is entitled to recover all processing taxes, interest and penalty paid on corn processed, viz., $1,565.14, since its loss on its corn business during the period of the processing tax was in excess thereof. Similar contentions have heretofore been considered and specifically*369 denied by this and other courts. , affirmed (CCA-4) ; , affirmed (CCA-8) , cert. denied ; . The evidence here does not justify the conclusion that the losses in wheat and corn operations were solely attributable to the processing tax. Operational losses result from a balancing of numerous items of receipts and expenditures and petitioner can not single out one of these numerous items and say that it alone was the cause of the loss. Decisions will be entered for the respondent.